UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REBEKAH FITZGERALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 25-CV-0129-CVE-CDL |
| | ) |
| SAM ELLIS LILES, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court are plaintiff's pro se complaint (Dkt. # 1) and motion for leave to proceed in forma pauperis (Dkt. # 2). Plaintiff is proceeding pro se and she alleges that defendant Sam Ellis Liles has falsely imprisoned her since 1985. Dkt. # 1, at 5  Plaintiff alleges that Liles "uses actors to orchestrate [her] life," and she states that Liles' actions have caused a loss of independence and lack of control over who she can date. Id. at 6. Plaintiff completed the form complaint for claims based on alleged violations of civil rights, and she claims that she was falsely imprisoned in violation of her Fourth and Fifth Amendment rights. Id. at 5. The relief plaintiff seeks is "[her] freedom" and any money that defendant owes her. Id. at 6. She does not allege any basis for the Court to exercise diversity jurisdiction over this case.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff

properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

The complaint alleges that all parties are citizens of Oklahoma, and there is no basis for the Court to exercise diversity jurisdiction over this case. The Court will consider whether plaintiff's complaint could be construed to allege a claim arising under federal law. Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.")(citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Martinez v. United States Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986)).

Plaintiff appears to be alleging a false imprisonment claim and she is attempting to rely on the Fourth and Fifth Amendments as the legal basis for her claim. Section 1983 provides that

"[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" shall be liable to the injured party. 42 U.S.C. § 1983. The statute imposes liability when a person acting "under color of state law" violates another person's federal constitutional rights, and the statute does not apply to disputes between private parties. See Lindke v. Freed, 601 U.S. 187 (2024). Plaintiff has not made any allegations suggesting that defendant was acting in any type of official capacity, and it appears that plaintiff's allegations solely concern a domestic dispute between private parties. Even though plaintiff is proceeding pro se, the Court has no obligation to construct a claim under federal law on her behalf, and the Court finds that plaintiff has not alleged a colorable claim under federal law. Plaintiff may be attempting to allege a false imprisonment claim under state law, but plaintiff and defendant are citizens of Oklahoma and the Court lacks diversity jurisdiction over this case. The Court finds no basis to exercise subject matter jurisdiction over this case, and the Court finds that plaintiff's complaint should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed without prejudice** for lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **moot**.

**DATED** this 26th day of March, 2025.

                                                                      _Claire V. Eagan_
                                                           CLAIRE V. EAGAN
                                                           UNITED STATES DISTRICT JUDGE